919 F.2d 141
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Irma STRICKLAND, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-3284.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1990.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Claimant, Irma Strickland, appeals from the denial of supplemental security income benefits (SSI). Strickland claimed disability due to cancer, osteoarthritis, and reactive depression. In denying benefits, the Secretary determined that Strickland retained the residual functional capacity (RFC) to do sedentary work and that her past relevant work was, in fact, sedentary.
 
 
 2
 Strickland appealed the Secretary's denial to the district court where by consent of the parties the matter was referred to a magistrate for resolution. After reviewing the entire record, new briefs filed by the parties, and hearing oral argument, the magistrate issued a written opinion in which he concluded that substantial evidence supported the Secretary's decision. Upon completing our own review of the record, we agree and will affirm on the basis of Magistrate Merz's written opinion. We write briefly only for additional clarification.
 
 I.
 
 3
 Strickland first filed for SSI benefits in 1985, claiming that she had been disabled since 1984. This application was denied and claimant did not appeal. In 1987 she filed this application claiming that she had been disabled since 1974, at which time she was 37 years of age.
 
 
 4
 Strickland is a high school graduate with some college training. She has also taken and passed a tax preparer's course. Strickland worked as a secretary/clerk as late as 1981, as an office clerk in 1975, and did tax preparer work for H & R Block in 1974.[1]
 
 II.
 
 5
 There is no doubt that claimant has some relatively severe medical and mental problems. She did have breast cancer in her right breast which she elected to treat with radiation therapy rather than undergo surgery. The therapy was successful and there is no evidence of metastasis. A lump subsequently discovered in her left breast was found to be benign. This condition is obviously not physically disabling but it understandably has generated considerable anxiety on claimant's part relative to her physical health.
 
 
 6
 Insofar as her bone and joint problems are concerned, the various doctors who have examined her have not been able to rule out degenerative joint disease or inflammatory arthritis, but all agree her obesity contributes largely to the joint pain she experiences and weight loss would be beneficial. Physical therapy has also been helpful in relieving associated pain. It appears clear from all of the medical testimony that whatever pain is generated by the joint problems is not disabling, and that as long as claimant can move around occasionally and need not do any heavy lifting, she is not incapable of doing sedentary work.
 
 
 7
 Claimant's anxiety does require that she have employment in which she is not subjected to great amounts of stress. There is also some question as to how well she will react on an interpersonal basis with other co-workers and supervisors. There is nothing in the record that suggests, however, that either stress or interpersonal relationship problems kept her from performing adequately in her previous jobs.
 
 
 8
 As for her day-to-day activities--the record indicates that Strickland cooked, kept house, read, shopped, watched television, periodically attended church, visited with her daughter, friends and neighbors, and frequently rode the bus. She also reported that she worked with a hunger network and a political campaign, played cards and bingo, and helped care for children. These activities are consistent with the determination that Strickland was able to perform sedentary work that involves only minimal interpersonal contacts.
 
 
 9
 The Secretary utilizes a sequential evaluation process to analyze claims of disability. 20 C.F.R. Secs. 416.920, 416.920(a) (1989); see Bowen v. Yuckert, 482 U.S. 137 (1987). If the Secretary can determine at any point in this five-step process that a claimant is disabled or not disabled, no further review is required. 20 C.F.R. Sec. 416.920(a). After a thorough review of the evidence and applying the sequential evaluation in the instant case, the administrative law judge (ALJ) determined that Strickland had severe impairments, but that they did not meet or equal a condition in the Listing. Further, the ALJ found that, notwithstanding the limitations imposed by Strickland's physical and mental impairments, she retained the residual functional capacity to perform a limited range of sedentary exertional-level work. The ALJ relied on expert vocational testimony to conclude that Strickland's past relevant work fell within her RFC, and that she therefore was not disabled within the meaning of the Act.
 
 
 10
 Although the record certainly contains some evidence that Strickland cannot perform substantial work even of a sedentary nature, we are persuaded that the Secretary's decision is supported by substantial evidence.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable William O. Bertelsman, United States District Court for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Claimant also did office work in 1983, but the administrative law judge did not consider this to be past relevant work